## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID J. CASSIDY,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | **NO. 13-945** |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of the Social** | : | |
| **Security Administration,** | : | |
| **Defendant.** | : | |
| | : | |

### ORDER

**AND NOW**, this 30th day of March 2015, upon consideration of Plaintiff's Brief and Statement of Issues [Doc. No. 9], Defendant's Response [Doc. No. 10], Plaintiff's Reply [Doc. No. 11], and the administrative record, and upon review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski [Doc. No. 15], and *de novo* review of the issues raised in Plaintiff's objections [Doc. No. 16], and after a careful and independent review of the complete administrative record, it is hereby **ORDERED** that:

1.  The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2.  Plaintiff's Objections to the Report and Recommendation are **OVERRULED**, and the carefully reasoned Report and Recommendation is **APPROVED AND ADOPTED** in full;[1]

---

[1] The denial of Plaintiff's application for Social Security Disability Insurance Benefits was previously before this Court (see Docket No. 09-28). On April 9, 2010, the Court remanded the matter so that an Administrative Law Judge ("ALJ") could: 1) reassess the severity of Plaintiff's mental health impairment at Step Two of the five-step sequential analysis; 2) re-evaluate Plaintiff's residual functional capacity, taking into consideration all exertional and non-exertional limitations; and 3) reassess whether Plaintiff could perform his past relevant work. The case was assigned to a different ALJ upon remand, who held a hearing, at which he heard testimony from Plaintiff, a medical expert in psychiatry, and a vocational expert. Having re-evaluated the three areas of concern to the Court, the ALJ found that Plaintiff's mental impairment was "severe" at Step 2, included both exertional and non-exertional limitations when posing questions to the vocational expert, and found that Plaintiff could not perform his past relevant work. However, the ALJ found that Plaintiff could perform other jobs existing in the local and national economy, and therefore found Plaintiff was not disabled.

Plaintiff appealed the adverse ruling on remand to this Court, arguing that the ALJ: 1) did not re-evaluate Plaintiff's exertional limitations, as ordered, but adopted the previous ALJ's findings on exertional limitations and only re-evaluated his non-exertional limitations when determining his residual functional capacity; 2) failed to call a medical expert to testify regarding his physical condition; and 3) improperly rejected examining sources and accepted the

3.      Consistent with the R & R, the Court finds that the administrative record contains

substantial evidence to support the ALJ's findings of fact and conclusions of law, and thus the relief

requested in Plaintiff's Brief in Support of Request for Review is **DENIED**, and the decision of the

Commissioner is **AFFIRMED.**

It is so **ORDERED**.

**BY THE COURT:**

**CYNTHIA M. RUFE, J.**

---

opinion of a non-examining source. The case was referred to Magistrate Judge Sitarski for an R & R. The R & R thoroughly analyzed the issues presented in Plaintiff's briefs. Plaintiff has filed objections to the R & R which essentially disagree with the R & R's conclusions.

With regard to the first issue, Judge Sitarski found that although the ALJ on remand adopted the physical residual functional capacity determined by the previous ALJ, he did so only after an independent evaluation of the medical evidence. Plaintiff objected to this finding, again arguing that the ALJ did not follow the remand order. The Court adopts the reasoning of the R & R in finding that this aspect of the ALJ's decision was not inconsistent with the Court's order on remand, and that the decision was supported by substantial record evidence.

Regarding the question of whether additional medical expert testimony as to Plaintiff's physical condition was required, the Court agrees with the R &R's finding that it was not. It is the Plaintiff's burden to produce evidence that his medical condition was disabling prior to his date last insured, in 2005. Plaintiff did put forth evidence on that issue, some of which the ALJ credited, and some of which he found was not entitled to great weight. The ALJ determined that Dr. Ware's April 2005 opinion regarding the disabling severity of Plaintiff's condition was not consistent with Plaintiff's contemporaneous medical records. Despite Plaintiff's objections, the Court agrees with the R & R's finding that the ALJ did not err in issuing a decision without obtaining additional medical evidence, because the record evidence provided a sufficient basis for the ALJ's decision, and because additional evidence would not shed light on Plaintiff's condition prior to his date last insured, nearly 10 years ago.

Finally, the R & R found that the ALJ's decision regarding the functional limitations caused by Plaintiff's mental illness (anxiety) and physical ailments was supported by the medical evidence. In his brief and his objections, Plaintiff argues that the ALJ improperly accorded great weight to the psychiatric expert who testified at the hearing (Dr. Bell), and less weight to examining sources. The R & R found that the ALJ properly gave little weight to the Mental Impairment Questionnaire prepared by Dr. Segal (who evaluated but did not have an ongoing treatment relationship with Plaintiff), because it was not accompanied by any report, narrative, or notes to support his conclusions, and because he evaluated Plaintiff more than a year after his date last insured. The R & R found that the ALJ reasonably assigned little weight to consultative examiner Dr. Kaufman's opinion, because he examined Plaintiff about eighteen months after this date last insured. Finally, the R & R found that the ALJ relied on adequate record evidence to support his conclusion that Dr. Warner's opinion that Plaintiff could not work was inconsistent with Plaintiff's treatment records. The Court agrees that the ALJ's opinion was supported by substantial evidence.

2